UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK RYDELL CARNEY, | ) | NO. CV 09-6533-AHM(CT) |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ACCEPTING MAGISTRATE |
| v. | ) | JUDGE'S REPORT AND RECOMMENDATION |
| | ) | ON PETITION FOR WRIT OF HABEAS |
| KELLY HARRINGTON, Warden, | ) | CORPUS BY A PERSON IN STATE CUSTODY |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's report and recommendation and petitioner's objections to the report and recommendation. The magistrate judge recommends dismissal of the petition on the basis that two of its five grounds are unexhausted; she afforded petitioner an opportunity to either return to the state courts to exhaust these grounds or to proceed on this matter by deleting them from his petition. See Rose v. Lundy, 455 U.S. 509, 510, 522 (1982) (noting that "mixed" habeas petitions generally should be dismissed or the unexhausted grounds deleted).

In his objections to the report and recommendation, petitioner appears to seek to delete the two unexhausted grounds, but also appears to seek to insert two new grounds relating to the effectiveness of his appellate counsel. He concedes that these grounds are not exhausted.

1 He seeks leave to proceed, nonetheless, on the basis that these grounds
2 are related to his current ground one, which claims abandonment by
3 appellate counsel. He urges, furthermore, that he would now be precluded
4 from raising these two grounds in the state's highest court.

5  No facts appear on the face of the petition or its attached exhibit
6 that would justify such extraordinary relief.  See O'Sullivan v.
7 Boerckel, 526 U.S. 838, 119 S. Ct. 1728, 1731 (1999) (if a petitioner
8 has not given the state court the opportunity to review his claims, and
9 the time to do so has passed, a state prisoner's claims are normally
10 procedurally defaulted, unless the prisoner has a valid excuse for the
11 default).

12  According to the petition and its attached exhibits, petitioner
13 raised a claim challenging the effectiveness of his appellate counsel in
14 a state habeas petition filed in 2007, and petitioner has not
15 established that extraordinary circumstances precluded him from either
16 raising these grounds at that time or from returning to the California
17 courts at any time since then to exhaust these grounds.[1]  Moreover,
18 petitioner has been advised previously by this court that he may proceed
19 here only on a fully exhausted habeas petition.[2]  He nonetheless elected

---

[1] Indeed, the court takes judicial notice of the fact that petitioner sought to file two cases in this court in 2008 and 2009, in case number CV 08-5883-UA-CT and CV 09-0850-UA-CT, clearly indicating he had access to the courts during these time periods.

[2] On May 20, 2009, petitioner filed a motion requesting an extension of time to file a habeas petition, which was given case no. CV 09-3615-AHM(CT). In denying that request, petitioner was advised that the order did not preclude him from filing a fully exhausted habeas petition in the future. The court observes that the California Courts online case information system indicates that petitioner has not returned to the state's highest court since that time. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (to be exhausted, a ground must have been fairly presented to state's highest court).

to proceed on an unexhausted petition.

Accordingly, IT IS ORDERED:

1. The report and recommendation is accepted.

2. Judgment shall be entered consistent with this order.

3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: February 4, 2010

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE